UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DRANGINIS,

    Petitioner,                                Civil No. 06-15109
                                              HONORABLE MARIANNE O. BATTANI
v.                                          UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent,
                                    /

## OPINION AND ORDER OF SUMMARY DISMISSAL

Robert Dranginis, ("petitioner"), presently confined at the Thumb Correctional Facility in Lapeer, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by counsel Martin E. Crandall and Paul C. Smith, petitioner challenges his conviction on one count of first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(b). [1] Respondent has filed a motion to dismiss, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion to dismiss. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

---

[1] This case was originally assigned to Judge Victoria A. Roberts. On July 31, 2007, the case was re-assigned to this Court pursuant to LR 83.11, because it was a companion case to a habeas petition that petitioner previously had before this Court. *See Dranginis v. McLemore,* No. 02-60232-AA.

1

## I. Background

Petitioner was convicted of the above offense following a jury trial in the Oakland County Circuit Court and was sentenced to fifteen to thirty years in prison on September 8, 1999. Petitioner's direct appeals with the Michigan courts ended on April 29, 2002, when the Michigan Supreme Court denied petitioner leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Dranginis,* 466 Mich. 855; 643 N.W. 2d 575 (2002).

Petitioner, through one of his current attorneys, Martin E. Crandall, filed a petition for writ of habeas corpus with this Court on October 28, 2002, in which he challenged his conviction. On August 14, 2003, the Court dismissed the petition without prejudice because petitioner had failed to exhaust some of his claims with the state courts. Because the one year statute of limitations had already expired, the Court indicated that petitioner could move to re-open his habeas petition within sixty days of exhausting his state court remedies. *Dranginis v. McLemore,* No. 02-60232-AA (E.D. Mich. August 14, 2003).

Petitioner then filed a post-conviction motion for relief from judgment with the Oakland County Circuit Court. Neither party has indicated the date that the motion was filed. However, the Oakland County Circuit Court's internet website, "Court Explorer", which this Court is entitled to take judicial notice of, indicates that petitioner filed his post-conviction motion with the Oakland County Circuit

2

Court on September 21, 2004. [2] After the trial court and the Michigan Court of Appeals denied petitioner's post-conviction application, post-conviction proceedings ended in the state courts on May 30, 2006, when the Michigan Supreme Court denied petitioner leave to appeal from the denial of his motion for relief from judgment. *People v. Dranginis,* 475 Mich. 867; 714 N.W. 2d 307 (2006). The instant petition was filed with the United States District Court for the Eastern District of Michigan on November 14, 2006.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

---

[2] *See* www.oakgov.com./Court Explorer. *People v. Dranginis,* No. 1999-164334-FC. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003)

diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeals with the Michigan courts were completed on April 29, 2002, when the Michigan Supreme Court denied his application for leave to appeal. Petitioner's conviction therefore became final, for purposes of § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment became final on July 28, 2002, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Petitioner therefore had until July 28, 2003 to timely file his petition in compliance with the statute of limitations unless the one year period was somehow tolled.

The Court recognizes that petitioner filed his first petition for writ of habeas corpus with this Court on e federal district court on October 28, 2002. This petition was dismissed without prejudice on August 14, 2003, to permit petitioner to return to the state courts to exhaust his claims. Although a petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute

4

of limitations period, See Duncan v. Walker, 533 U.S. 167, 181 (2001), Justice Stevens indicated in a concurring opinion that neither the Supreme Court's "narrow holding" in Duncan nor anything in the text or the legislative history of the AEDPA would prevent a federal court from tolling the limitations period for a habeas petition as "a matter of equity." Id. at 183.

The Sixth Circuit has indicated that a habeas petitioner is entitled to equitable tolling of the limitations period during the time that his original habeas petition was filed in the federal court, provided that the habeas petitioner filed his state post-conviction motion with the state courts within thirty days of the federal court's dismissal of the original habeas petition and returned to federal court no later than thirty days after the conclusion of state post-conviction review. See Griffin v. Rogers, 308 F. 3d 647, 653 (6th Cir. 2002)(citing Palmer v. Carlton, 276 F. 3d 777, 781 (6th Cir. 2002)).

In this case, however, petitioner is not entitled to equitable tolling for the time that his first habeas petition was pending in the federal district court, so as to delay the commencement of the one year limitations period. Petitioner filed his motion for relief from judgment with the trial court on September 21, 2004, over one year after his first petition for writ of habeas corpus was dismissed without prejudice by this Court. Because petitioner waited more than one year following the dismissal of his first habeas petition to return to the state courts to initiate post-conviction proceedings, he failed to exercise due diligence in initiating state

5

post-conviction proceedings and is therefore not entitled to equitable tolling of the limitations period. *See Huey v. Smith,* 199 Fed. Appx. 498, 502-03 (6th Cir. 2006). Moreover, post-conviction review was concluded when the Michigan Supreme Court denied petitioner's application for leave to appeal on May 30, 2006. [3] Petitioner did not file the instant petition with this court until one hundred and sixty eight days had elapsed from this date. The Court's order from petitioner's first habeas case indicated that petitioner could move to re-open his habeas petition within sixty days of the completion of his state post-conviction proceedings in order to avoid a limitations period. Because petitioner did not re-file this habeas petition within sixty days of the conclusion of post-conviction review in this case, he is not entitled to equitable tolling of the limitations period for the time that his original habeas petition was pending in the federal court. *Palmer,* 276 F. 3d at 781-82; *See also Godbolt v. Russell,* 82 Fed. Appx. 447, 452 (6th Cir. 2003).

Moreover, even if this Court were to equitably toll the limitations period for the entire time that petitioner's first habeas application was pending in federal court, the instant petition would still be untimely, because petitioner waited over one year following the dismissal of his first petition before filing his motion for

---

[3] The U.S. Supreme Court has now held that the limitations period is not further tolled pursuant to 28 U.S.C. § 2244(d)(2) for the time during which a petition for writ of certiorari could be filed with the Supreme Court seeking review of the denial of state post-conviction relief. *See Lawrence v. Florida,* 127 S. Ct. 1079, 1083-85 (2007). This ruling, however, does not affect the Court's decision in this case, because even if petitioner is given the additional ninety day period for seeking certiorari following the denial of his post-conviction appeal by the Michigan Supreme Court, the petition is still untimely, because even under this calculation, petitioner, by his own admission, waited seventy eight days before re-filing his habeas petition.

relief from judgment with the state courts. *See McMurray v. Scott,* 136 Fed. Appx. 815, 817 (6th Cir. 2005); *See also Breese v. Maloney,* 322 F. Supp. 2d 109, 112-13 (D. Mass. 2004). A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). The instant petition is therefore untimely.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at 1010.

Petitioner's primary argument appears to be that the limitations period should be equitably tolled because of oversights by counsel arising from the re-assignment of petitioner's case file in the law office to a new attorney. Petitioner claims that his new attorney was unaware of this Court's language from its prior opinion which indicated that a motion to re-open petitioner's first habeas case should be made within sixty days of the completion of state post-conviction

7

proceedings. Petitioner's counsel indicates that had he [or they] been aware of this language, he [or they] would have moved to re-open the original habeas petition, rather than file an entirely new habeas petition.

Attorney miscalculation is simply not sufficient to warrant equitable tolling of one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment, particularly in the postconviction context where prisoners have no constitutional right to counsel. *See Lawrence v. Florida,* 127 S. Ct. 1079, 1085 (2007)(citing *Coleman v. Thompson,* 501 U.S. 722, 756-757 (1991)). As a general rule, "a lawyer's mistake is not a valid basis for equitable tolling." *Jurado,* 337 F. 3d at 644 (*quoting Whalen v. Randle*, 37 Fed. Appx. 113, 120 (6th Cir. 2002)). Moreover, counsel's claim that he was unaware of the Court's language from the first opinion directing petitioner to move to re-open his habeas petition within sixty days of the conclusion of state court post-conviction proceedings is somewhat unpersuasive, in light of the fact that one of petitioner's current habeas counsel, Martin E. Crandall, was also his counsel on his first habeas petition and therefore, should have been aware of the Court's language from the first opinion.

Lastly, petitioner contends that he maintains his innocence for the crime that he was convicted of. Although the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence, *see Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005), petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has

presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005).

### III. ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).

s/Marianne O. Battani<br>
**HON. MARIANNE O. BATTANI**<br>
**UNITED STATES DISTRICT COURT**

DATED: August 3, 2007